**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Anthony John Pavone, et al.,<br><br>Defendants. | No. CR-19-00454-001-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendants' motion in limine seeking to exclude consumer witness testimony at trial, which is fully briefed. (Docs. 91, 98, 99.) For the following reasons, the Court will deny Defendants' motion in part and grant it in part.

**I. Background**

On April 23, 2019, the grand jury issued an indictment against Defendants that brings seventeen counts—one count of wire fraud conspiracy, one count of wire fraud, one count of identity theft conspiracy, seven counts of misuse of personal information with a telemarketing sentencing enhancement, seven counts of aggravated identity theft with a telemarketing sentencing enhancement, and two counts of forfeiture. (Doc. 3 at 3.) Relevant here, the indictment charges a sentencing enhancement, pursuant to 18 U.S.C. §§ 2326(2)(A) and 2326(2)(B), rooted in Defendants' alleged behavior in connection with telemarketing and the targeting of 10 or more persons over age 55. On January 24, 2019, the Court held a hearing in which the parties agreed that a decision on the admissibility of

| | |
|---|---|
| 1 | consumer witness testimony would determine the outcome of the government's motion to |
| 2 | disqualify counsel. (Doc. 87.) Particularly, the parties agreed that, should the testimony |
| 3 | of consumer witnesses be completely excluded, a denial of the motion to disqualify counsel |
| 4 | would be appropriate. In contrast, a complete denial of any attempt to exclude consumer |
| 5 | witness testimony would result in the removal of defense counsel pursuant to the motion |
| 6 | to disqualify counsel. The Court directed the parties to file motion in limine briefing |
| 7 | addressing the issue and explained that, should Defendants' motion in limine be granted |
| 8 | only in part, the Court would hold a hearing to determine next steps. On January 27, 2020, |
| 9 | Defendants filed their motion in limine. (Doc. 91.) The motion is now ripe. |

## II. Legal Standard

A motion in limine is a procedural mechanism to limit particular testimony or evidence in advance. *United States v. Heller*, 551. F3d 1108, 1111 (9th Cir. 2009). However, "a motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim[.]" *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013). Judges have broad discretion when ruling on motions in limine but may only properly exclude evidence if it is inadmissible on all potential grounds. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999); *United States v. Mixon*, No. CR-14-00631-001-TUC-JGZ, 2015 WL 13849026, at *1 (D. Ariz. Oct. 14, 2015). If the evidence in question is not inadmissible on all potential grounds, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Mixon*, 2015 WL 13849026, at *1.

## III. Discussion

Defendants assert that all testimony of consumer witnesses should be excluded at trial because it is irrelevant under Fed. R. Evid. 401 and unfairly prejudicial, likely to mislead the jury, and cumulative in violation of Fed. R. Evid. 403. (Doc. 91.) For the following reasons, the Court rejects Defendants' argument in part. This determination impacts the disposition of the government's motion to disqualify counsel (Doc. 65), as explained below.

The government relies on consumer witness testimony for two distinct purposes. First, the government depends on consumer witness testimony to prove the elements of the identity theft charges in counts 4-10, the aggravated identity theft charges in counts 11-17, and the charge of conspiracy to commit identity theft in count 3. (Doc. 98 at 4.) To prove Defendants are guilty of counts 4-17, the government is required to prove that Defendants knowingly transferred, possessed or used the means of identification of another person without legal authority with the intent to commit a particular crime.[1] These elements are also relevant to count 3, which charges conspiracy to commit identity theft under 18 U.S.C. §§ 371 and 1028(a)(7). Relevant to all these counts, the consumer witnesses are in the best position to testify as to the following information: (1) whether they wrote their means of identification, such as signatures, on the sweepstakes leads at issue in this case and (2) whether the information contained on the counterfeit sweepstakes leads is, in fact, their own means of identification. Such testimony goes directly to the elements at issue and is therefore relevant.

Defendants attempt to preclude this testimony by asserting that they have already conceded that they reformatted the leads—occasionally adding signatures and initials—making the consumer witnesses' testimony cumulative. (Doc. 91 at 10.) Even if Defendants were willing to so stipulate, the government may present evidence of its own choice. *Old Chief v. United States*, 519 U.S. 172, 189 (1997) ("[T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense."); *United States v. Jahner*, 72 F. App'x 665, 667 (9th Cir. 2003) ("[A] criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it."). Consequently, this

---

[1] To prove Defendants are guilty of identity theft as charged in counts 4-10, the government must demonstrate that Defendants (1) knowingly transferred, possessed or used, (2) without lawful authority, (3) a means of identification of another person, (4) with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law. 18 U.S.C. § 1028(a)(7).[1] The elements of the aggravated identity theft offense charged in counts 11-17 differ only as to element four; while any state felony or federal crime serves as the predicate for a §1028(a)(7) charge, only a narrower range of enumerated crimes satisfy a § 1028A charge.

consumer witness testimony is not improperly cumulative. Further, any risk of unfair prejudice or confusion resulting from testimony on these two discrete topics does not substantially outweigh its significant probative value.

Turning to the second purpose, the government intends to question the consumer witnesses about their receipt of telephone calls from telemarketers and the content of such calls in order to prove the telemarketing enhancement. (*Id.* at 8-9.) It has explained that it may prove the applicability of the telemarketing enhancement by showing that (1) Defendants created counterfeit sweepstakes leads using the consumer's identities, (2) Defendants sold those leads to telemarketers, and (3) the consumers then received telemarketing calls about sweepstakes prizes. Looking to these three elements, consumer testimony regarding the *receipt* of the telemarketing calls is certainly relevant and its probative value is not substantially outweighed by danger of unfair of prejudice.[2]

However, the scope of testimony as to the *content* of the telemarketing calls must be curtailed. Specifically, testimony regarding the fraudulent schemes engaged in by the telemarketers as a part of such calls is irrelevant and unfairly prejudicial to Defendants. To clarify, when testifying as to the content of the calls the consumers received, the witnesses may only explain that the callers offered them sweepstakes prizes. They may not describe the subsequent steps the telemarketers elicited or the losses the consumers suffered as a result.[3] Accordingly, the Court allows the following testimony from consumer witnesses on the following four topics:

---

[2] As the government explains, evidence of the consumer witnesses' receipt of telemarketing calls goes to proving the telemarketing enhancement pursuant to 18 U.S.C. § 2326 by showing the required "connection" between Defendants' identity theft offenses and the conduct of telemarketing. The Court rejects Defendants argument that such evidence is improper because Defendants, themselves, did not engage in telemarketing directly. Section 2326 does not require Defendants to have personally engaged in telemarketing, but rather to have committed an offense in connection with the conduct of telemarketing. The Court also concludes that any prejudice resulting from the jury's unlikely attribution of the third party's conduct—directing telemarketing calls to the consumer witnesses—to Defendants does not substantially outweigh the probative value of the evidence.

[3] Notably, the government clarified that the consumer witnesses will not testify about any losses that they suffered as a result of the telemarketing calls. (Doc. 98 at 11.) Indeed, such testimony would be irrelevant and unduly prejudicial due to the lack of a loss element within any of the charged counts.

(1) whether they wrote their means of identification, such as signatures, on the sweepstakes leads at issue in this case;

(2) whether the information contained on the counterfeit sweepstakes leads is, in fact, their own means of identification;

(3) whether they received telemarketing calls; and

(4) whether the calls concerned sweepstake prizes.

Consequently, the Court prohibits testimony regarding:

(1) the telemarketer scheme and any fraudulent activity in furtherance thereof; and

(2) any loss suffered by the consumer witnesses.

Based on the exclusion of all testimony related to the telemarketer's wrongdoing, the Court is disinclined to believe that Defendants would benefit from the assertion of a good faith advice of counsel defense at trial. Without this defense, it appears that removal of defense counsel is unnecessary. Nevertheless, the Court will hold a hearing during which the parties shall explain the impact that this ruling has on the government's motion to disqualify counsel.

**IT IS ORDERED** that Defendants' motion in limine (Doc. 91) is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that a telephonic hearing is set for **February 25, 2020 at 11:30 AM**. Counsel for Plaintiffs shall make the necessary arrangements for the conference call. All parties participating in the conference call shall do so via landline only. The use of cellular phones will not be permitted.

Dated this 18th day of February, 2020.

Douglas L. Rayes
United States District Judge